ELECTRONICALLY FILED
Craighead County Circuit Court In Jonesboro
David Vaughn, Craighead Circuit Clerk
2023-Jun-19  10:15:01
16JCV-23-934
C02D02 : 5 Pages

## IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
## JONESBORO DISTRICT
## CIVIL DIVISION

**DARRYL TAYLOR**                                                             **PLAINTIFF**

**v.**                                    **NO. 16JCV-23-_____**

**WALGREEN CO. d/b/a**
**WALGREENS #15852**                                                   **DEFENDANT**

---

### COMPLAINT AND JURY TRIAL DEMAND

---

COMES now Plaintiff, DARRYL TAYLOR, by and through his attorney, Marc E. Stewart,

and for his causes of action against WALGREEN CO. d/b/a WALGREENS #15852, Defendant

herein, states and alleges as follows:

#### PARTIES, VENUE AND JURISDICTION

1.      This action arises out of pharmacy services provided at Walgreens #15852,

Craighead County, Arkansas, on July 24, 2021. Accordingly, venue is proper in Craighead County,

Arkansas, and this Court has proper jurisdiction over the parties and subject matter of this dispute.

2.      Plaintiff is a resident of Lake City, Craighead County, Arkansas.

3.      Defendant WALGREEN CO. d/b/a WALGREENS #15852 ("WALGREENS"

hereafter) is a for-profit Illinois corporation operating a pharmacy and employing pharmacy

personnel in Craighead County, Arkansas. It may be served by serving its registered agent for

service of process, The Prentice-Hall Corporation System, Arkansas, 300 Spring Building, Suite

900, 300 S. Spring Street, Little Rock, Arkansas 72201.

**EXHIBIT A**

## FACTUAL ALLEGATIONS

4.      Plaintiff DARRYL TAYLOR was a 59-year-old Maintenance Technician at Butterball LLC. He had a medical history of shoulder pain, anxiety, insomnia, arthritis, superficial vein thrombosis, and stomach disease.

5.      On July 13, 2021, Mr. Taylor underwent rotator cuff surgery. The surgery went without complications, and he was discharged home.

6.      Approximately ten (10) days later on July 23, 2021, Mr. Taylor presented to the emergency department (ED) at NEA Baptist Memorial Hospital with chest pain and shortness of breath. He was diagnosed with bilateral pulmonary emboli (PE) and deep vein thrombosis (DVT). It was also noted that he suffered suspected small early pulmonary infarctions in the right upper lobe.

7.      Darryl Taylor was admitted and treated with anticoagulants. In planning for his discharge, prescriptions were sent on July 24, 2023, to Defendant WALGREENS for apixaban (Eliquis) 5 mg tablet to take 2 tablets (10 mg total) 2 (two) times a day for 10 doses, and then, upon completion of that dosage, he was to take apixaban (Eliquis) 5 mg tablet to take 1 tablet (5 mg total) 2 (two) times a day. He was discharged home on July 26, 2021, with instructions to take the Eliquis as prescribed.

8.      Mr. Taylor picked up his Eliquis prescription from Defendant WALGREENS. Approximately three (3) days after being discharged, Mr. Taylor again presented to the ED at NEA Baptists Memorial Hospital with worsening right-sided chest pain, shortness of breath, and lightheadedness.

9.      He advised the ED physician that he had been taking 10 mg total of Eliquis per day instead of the 20 mg as prescribed. Upon inspection of the pill bottle by the ED physician, it was

discovered that Defendant WALGREENS had given 2.5 mg tablets of Eliquis to take 2 tablets twice a day for 7 days (7/24 to 7/30) then take 1 tablet twice daily, instead of the 5 mg tablet that had been prescribed. Mr. Taylor was unknowingly taking the incorrect dose of Eliquis.

10.     A CTA was ordered, which showed worsening of clot burden in right lower lobe with improving clot burden in the right upper and left lower lobes and pulmonary infarctions in the peripheral right upper lobe and right lung base.

11.     On August 1, 2021, Mr. Taylor complained of worsening right-sided chest pain that did not improve over the following 24 hours. Interventional radiology (IR) was consulted for thrombolysis with tPA, which was performed on August 2, 2023. The thrombolysis catheter was removed August 3, 2021. He was discharged home on August 5, 2023, in stable condition.

12.     Darryl Taylor continues to experience shortness of breath and fatigue as a result of this medical error. The medication mix-up has caused him increased stress and anxiety, especially since he has incurred a massive burden in medical expenses and limited work time.

## PLAINTIFF'S CLAIMS FOR RELIEF

13.     Defendant, WALGREEN CO. d/b/a WALGREENS #15852, through the acts of its pharmacists, pharmacy technicians, employees, representatives, and/or agents, committed the following acts or omissions of medical malpractice and/or, negligence, proximately causing the occurrence of the injuries and damages in question on or around July 24, 2021, by:

> (a)     Failing to properly read the prescription from NEA Baptist Memorial Hospital and fill the order as indicated by the prescribing physician;
>
> (b)     Failing to correctly fill Plaintiff's prescription for Eliquis;
>
> (c)     Failing to ensure the correct dosage of medication was provided to Plaintiff; and

(d)    Generally.

14.    Plaintiff DARRYL TAYLOR's injuries and damages were a direct and proximate result of Defendant WALGREEN CO. d/b/a WALGREENS #15852's negligence.

## JURY DEMAND

15.    Plaintiff hereby endorses his Complaint with a demand for a jury trial of all issues of fact and law.

## DAMAGES

16.    As a proximate result of the occurrence made the basis of this lawsuit, DARRYL TAYLOR suffered a worsening pulmonary embolism and pulmonary infarctions that caused lasting heart palpitations, shortness of breath, and fatigue. He underwent an unnecessary hospital stay and treatment that would not have been needed otherwise, and experienced unnecessary increased stress and anxiety.

17.    Plaintiff DARRYL TAYLOR asserts damages, in both the past and future, involving medical expenses incurred, physical pain and suffering, mental anguish, physical impairment, and disfigurement.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a jury trial and respectfully prays for an entry of judgment for all elements of damages authorized by law as set forth herein, from and against Defendant in an amount greater than that required for federal court jurisdiction in diversity of citizenship cases, plus all other costs and compensatory relief as described above, and all other proper relief to which they may be entitled.

Respectfully submitted,

MARC STEWART LAW, PLLC

By:

Marc E. Stewart, ABN 2008008
100 River Bluff Drive, Suite 13
Little Rock, Arkansas 722
Telephone: (501) 251-1988
Facsimile: (501) 265-0022
marc@marcstewartlaw.com

**ATTORNEY FOR PLAINTIFF**